# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DONALD RAY CLARK,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:05CV00595 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

*Donald Ray Clark, Pro se.*

Petitioner Donald Ray Clark, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005). Clark challenges the validity of his confinement for federal firearms convictions imposed in 2003. Because I find that Clark has not stated any ground for relief under § 2255, I will summarily dismiss this action.

I

Clark pled not guilty in this court to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g) and 924(e) (West 2000 & Supp. 2005), and one count of possession of a stolen firearm, in violation of 18 U.S.C.A. § 922(j) (West 2000). After a one-day trial in December 2002, a jury found Clark guilty

on both counts.[1] I sentenced Clark on April 8, 2003, to 260 months in prison on Count 1, 120 months in prison on Count 2, to run concurrently, and a $2000 fine. Clark appealed, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. *United States v. Clark*, 93 Fed. Appx. 529, 530 (4th Cir. 2004) (unpublished). The Supreme Court denied Clark's subsequent petition for a writ of certiorari on October 4, 2004. *Clark v. United States*, 125 S. Ct. 134 (2004).

Clark executed his § 2255 motion on September 1, 2005. He alleges the following grounds for relief: (1) the court erred in sentencing Clark under § 924(e) as an armed career criminal; (2) the court sentenced Clark in violation of the Fifth and Sixth Amendments by enhancing Clark's sentence under § 924(e) based on facts not found beyond a reasonable doubt by the jury concerning Clark's prior convictions; and (3) the trial judge assisted the prosecution by questioning a prosecution witness.

---

[1] I note a clerical error on page 1 of the Judgment Order in Case No. 2:02-cr-10097, which indicates that Clark pled guilty to Count 1, when in fact, all other records clearly demonstrate that Clark pled not guilty to Counts 1 and 2 of the indictment and was found guilty on both counts by the jury.

II

A

In Claim 1, Clark asserts that the court failed to determine whether his 1982 conviction in Virginia for statutory burglary, for which he was sentenced to twelve months imprisonment, qualified as a crime of violence so as to constitute a predicate offense for sentencing pursuant to 18 U.S.C.A. § 924(e).[2] Clark also argues that counsel was ineffective for failing to object at sentencing to characterization of this conviction as a predicate offense under § 924(e).

Clark's arguments state no ground for relief. "[A] person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. v. United States*, 495 U.S. 575, 598 (1990). The prior burglary conviction on which I relied in sentencing Clark under § 924(e) clearly meets the *Taylor* definition.[3] I cannot find counsel constitutionally ineffective for failing to

---

[2] Under § 925(e), if a defendant convicted of possessing a firearm as a convicted felon has three prior convictions for a violent felony or serious drug offense or both, the court must sentence him to at least fifteen years imprisonment.

[3] In sentencing Clark under § 925(e), I relied on the offenses described in his Presentence Report ("PSR") at paragraphs 37 (statutory burglary) and 55 (maliciously causing bodily injury and abduction). The authorities arrested Clark on August 30, 1981, and ultimately charged and convicted him for breaking into Rodger's Auto Service in Wise,

- 3 -

make a meritless objection. *See Strickland v. Washington*, 466 U.S. 668 (1984) (holding that to prove constitutional claim of ineffective counsel, habeas petitioner must demonstrate both counsel's professionally unreasonable performance and resulting prejudice). Therefore, I must deny relief as to Claim 1.

B

In Claim 2, Clark asserts that his sentence is unconstitutional as the jury did not make any finding that he had three prior convictions for crimes of violence so as to qualify for sentencing under § 924(e). Clark relies on the principles set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), although he does not cite the case directly. However, the court was not required to make any factual findings to determine that the applicable prior convictions were crimes of violence and thus *Apprendi* does not apply. *See United States v. Collins*, 412 F.3d 515, 521-22 (4th Cir. 2005). I will deny relief as to Claim 2.

C

Clark complains in Claim 3 that when I questioned prosecution witness Francis Hubbard about where she routinely kept her firearm during daylight hours, I

---

Virginia, during the nighttime, and stealing property valued in excess of $200, belonging to the owner of the business. PSR at para. 37. The state court sentenced Clark on May 20, 1982, to six months imprisonment and two years probation, but in 1985, the court found that Clark had violated probation conditions and sentenced him to two years imprisonment. *Id.*

- 4 -

improperly influenced the jury. The transcript reflects, however, that Ms. Hubbard had already testified during direct and cross examination as to all of the information I elicited from her through my questioning; I merely restated her words for clarification purposes. I find no respect in which my additional questions on the topic possibly affected the jury's verdict.[4] Therefore, I will deny relief on Claim 3.

III

For the reasons stated, I find that Clark has not stated any ground for relief under § 2255. Accordingly, I must dismiss his motion. An appropriate Final Order will be entered herewith.

DATED: October 19, 2005.

/s/ James P. Jones
Chief United States District Judge

---

[4] My questioning of Hubbard clarified that she kept her gun either in a dresser drawer or in a night stand drawer in her bedroom, out of sight, and at night, she took the gun and the panic button connected to her home alarm system and placed both items, side by side, beside her bed. (Tr. at 13-14).